NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

FRANCIS JOSEPH BIELSKI, PETITIONER, v. GEORGE C. NORTHRUP, TRADING AS THE NORTHRUP PRESS, RESPONDENT.

**Injury to Minor Working Against the Labor Laws—Early Decisions and Amendment of 1924 Quoted—Jurisdiction Assumed.**

For the petitioner, *Connelly & Hueston.*

For the respondent, *Kalisch & Kalisch.*

\*        \*        \*        \*        \*        \*        \*

This case was submitted on an agreed statement of facts from which it appears, without dispute, that the petitioner was illegally employed by the respondent in that, while only fifteen years of age, he was put to work operating a machine known as a printing press, and in his endeavor to remove an envelope from the machine he was operating he was injured.

There is no question that, prior to chapter 159 of the laws of 1924, page 359, such an accident was not compensative under the Workmen's Compensation act. *Helzel* v. *Wasson Piston Ring Co.*, 89 *N. J. L.* 201 (at *p.* 203) ; *Boyle* v. *Van Splinter*, 3 *N. J. Adv. R.* 278 (*Court of Errors and Appeals*).

The first case cited is the leading case on the subject, and states the reason why the Compensation act did not apply to illegal employment of a minor. Chief Justice Gummere in that case, at page 203, said:

"It can hardly be doubted that the legislature, in providing for the engrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law, or, at least, contracts the making of which was not prohibited by express legislative enactment, for it would be entirely unreasonable to attribute to the legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making."

In short, the Compensation act was silent as to whether it applied to illegal employment of minors or not, and our court of last resort properly held that it was presumed that the intention of the legislature was that it only applied to contracts which were valid in law.

The amendment of the Workmen's Compensation law of 1924, referred to *supra,* however, specifically provides for the manner in which minors illegally employed shall be compensated for injuries received while doing that kind of work, namely (*Pamph. L.* 1924, *p.* 360, ¶ 9) :

"In the employment of minors, section 2 shall be presumed to apply unless the notice be given by or to the parent or guardian of the minor. If the injured employe at the time of the accident is a minor under fourteen years of age, employed in violation of the Labor law, or a minor between

fourteen and sixteen years of age, employed, permitted or suffered to work without an age and schooling certificate, or age and working certificate, or at an occupation prohibited at that age by the Labor law, a compensation or death benefit shall be payable to the employe or his dependents which shall be double the amount payable under the schedules provided in paragraphs 11 and 12."

By the foregoing statute the legislature has expressly stated its present intention that minors shall be compensated in certain manner if they are put to work illegally by their employers, and, of course, that compensation must be paid to them in the manner and by the tribunal which bears and determines claims for compensation under that statute.

I, therefore, hold that I have jurisdiction, and that the Compensation act, as amended by chapter 159 of the laws of 1924, now covers, as therein provided, the claims of minors who are illegally employed.

The questions hereinbefore decided are the only questions raised in the briefs of counsel for the respective parties. The question of the constitutionality of the amendment of 1924 has not been raised. Even if it were raised, I would hold the amendment constitutional, first, because the constitutionality of that statute should not be adjudged adversely by an inferior tribunal, and secondly, the authorities seem to be unanimous that the statute is constitutional. *Sexton* v. *Newark District Telegraph Co.*, 84 *N. J. L.* 85; *affirmed,* 86 *Id.* 701; see, also, *Middleton* v. *Texas Power and Light Co.*, 249 *U. S.* 152, 160; *Hawkins* v. *Bleakley,* 243 *Id.* 210, 212.

\*          \*          \*          \*          \*          \*          \*

CHARLES E. CORBIN,
*Deputy Commissioner.*